WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Dragoo, | No. CV-19-01988-SPL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the Commissioner of Social Security ("Commissioner")'s denial of Plaintiff Walter Dragoo ("Plaintiff")'s application for Title XVI Supplemental Security Income under the Social Security Act ("Act"). Plaintiff filed a Complaint seeking judicial review of the denial (Doc. 1), and the Court now considers Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), the Commissioner's Response (Doc. 15, "Def. Br."), Plaintiff's Reply (Doc. 16, "Reply"), and the Administrative Record (Doc. 11, "R."). Because the Court finds legal error in the decision, it reverses and remands for further administrative proceedings.

## I. BACKGROUND

Plaintiff filed his application on May 30, 2015, alleging disability beginning June 26, 2014. (R. at 16.) The Commissioner denied the application initially on September 3, 2015 and upon reconsideration on January 27, 2016. (*Id.*) Plaintiff requested a hearing before an administrative law judge ("ALJ") which was held on November 13, 2017. (*Id.*) On May 10, 2018, the ALJ issued an unfavorable decision (R. at 16–28), which was upheld by the Appeals Council on February 21, 2019 (R. at 1–4).

The ALJ found Plaintiff had "severe" impairments of: "multilevel lumbar spondylosis; chronic multilevel cervical spondylosis with left c5-6 foraminal stenosis, without correlating left C6 radiculopathy; arthropathy; bilateral meralgia paresthetica; ischemic and coronary artery disease; cardiomyopathy; paroxysmal ventricular tachycardia; stent in right coronary artery; chronic pain syndrome; tinnitus; and migraine headaches." (R. at 18.) The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform "light" work as defined in 20 C.F.R. § 416.967(b) except he that he could not work around "hazards"; could only "occasionally complete postural activities"; and could never "climb ladders, ropes, or scaffolds." (R. at 21.) In formulating the RFC, the ALJ gave "little" weight to Plaintiff's treating cardiologist, Dr. John Michael Morgan, M.D. (R. at 26.) The ALJ also did not "wholly accept[]" Plaintiff's pain and symptom testimony. (*Id.*) Based on this RFC and testimony by a vocational expert ("VE"), the ALJ concluded Plaintiff could perform past work as an audiovisual technician repairer and was therefore not "disabled." (R. at 26, 72–73.)

Plaintiff alleges the ALJ erred by failing to: (1) provide legally sufficient reasons for discrediting his own testimony, (2) provide legally sufficient reasons for rejecting his treating cardiologist's opinion, and (3) comply with HALLEX I-2-9-10.[1] (Pl. Br. at 1.)

## II. LEGAL STANDARD

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), which provide that a reviewing court may affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. The Court only reviews issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court sets aside the decision only when it is based on legal error or not supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). "Substantial evidence" is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable mind might accept as adequate to

---

[1] HALLEX refers to the Social Security Administration's Hearings, Appeals, and Litigation Manual. (Def. Br. at 12.)

support a conclusion. *Id.*; *see also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Trevizo*, 871 F.3d at 674–75. The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* at 675. The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [she or] he did not rely." *Id.* The Court will not reverse for an error that is "inconsequential to the ultimate nondisability determination" or where the ALJ's "path may reasonably be discerned, even if the [ALJ] explains [her] decision with less than ideal clarity." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citing *Alaska Dept. of Envtl. Conservation v. E.P.A.*, 540 U.S. 461, 497 (2004)).

To determine whether a claimant is "disabled" under the Act, the ALJ employs a five-step sequential evaluation. The claimant bears the burden of proof at steps one through four until it shifts to the ALJ at step five. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). In brief, the ALJ must determine whether the claimant: (1) is "doing substantial gainful activity"; (2) has a "severe" medically determinable impairment or combination of impairments that has lasted more than 12 months; (3) has an impairment that "meets or equals" an impairment listed in appendix 1 of subpart P of 20 C.F.R. § 404; (4) can perform "past relevant work" based on his or her RFC; and (5) "can make an adjustment to other work" based on his or her RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4).

### III. ANALYSIS

#### A. The ALJ erred in discrediting Plaintiff's testimony.

Plaintiff alleges the ALJ erred by failing to provide legally sufficient reasons for

discredited his testimony. (Pl. Br. at 14–17.)

"The ALJ is not 'required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).'" *Molina*, 674 F.3d at 1112 (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *see* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."). However, unless there is evidence of malingering, the ALJ may only discredit a claimant's allegations for reasons that are "specific, clear and convincing." *Molina*, F.3d at 1112. General findings are not sufficient. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Rather, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler*, 775 F.3d at 1099.

The ALJ may consider whether medical evidence supports a claimant's allegations; however, a lack of medical evidence cannot be the sole basis for discrediting a claimant. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Additionally, "the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct" and "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Molina*, 674 F.3d at 1112. "[T]he ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting." *Id.* at 1113.

Here, the ALJ found that Plaintiff's allegations concerning the severity of his impairments could not be "wholly accepted." (R. at 22.) Specifically, the ALJ found that: (1) Plaintiff's reported functionality was inconsistent with disability, (2) objective medical evidence did not support the alleged severity, and (3) Plaintiff's allegations were inconsistent with the opinions of the state agency medical consultants. (R. at 23–25.) The Court finds some of the reasons clear and convincing, but not all.

### 1. Plaintiff's daily activities do not undermine his allegations.

The ALJ noted that Plaintiff alleged that congestive heart failure prohibits him from working. (R. at 24 (citing R. at 246–54).) As noted by the ALJ, Plaintiff reported "no difficulty dressing, bathing, caring for his hair, shaving, or eating." (*Id.* (citing R. at 278–89).) Furthermore, Plaintiff "remains able to prepare at least simple meals, and [] his conditions have not diminished his ability to prepare food." (*Id.* (citing R. at 278–89).) Moreover, the ALJ noted Plaintiff could drive a car, "a task implicating considerable physical functioning," and could shop for clothes and groceries. (R. at 24–25.) The ALJ concluded that "[s]uch substantial capacities are inconsistent with the claimant's allegations that he cannot work." (R. at 25.)

The Court does not agree. In order for the ALJ to discredit a claimant's allegations of disability based on the claimant's daily activities, the activities must be transferable to the work setting. *See Molina*, 674 F.3d at 1112. The Court does not find these activities to be transferable to the work setting and therefore the ALJ erred here. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"); *Cooper v. Bowen*, 815 F.2d 561, 557 (9th Cir. 1987) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.") (internal quotations and citation omitted).

### 2. A lack of supporting medical evidence suggests that Plaintiff's symptoms are not as severe as alleged.

In discussing the objective medical evidence, the ALJ cites and notes that multiple treatment notes indicate that Plaintiff ambulated normally, had normal balance, normal strength, undiminished coordination, unimpaired range of motion, unimpaired reflexes and sensation, and normal hearing. (R. at 23–24.) With regards to Plaintiff's cardiological health, the ALJ found that his ejection fraction "has not been gravely outside normal limits," noting that providers found his ejection fraction was at 40-45% in July 2015 and up to 45-50% in August 2017. (R. at 24.) Moreover, the ALJ noted that Plaintiff had normal heart rate and no significant aortic valve stenosis. (*Id.*) Thus, the objective evidence does

not support debilitating symptoms.

### 3. Plaintiff's symptoms are inconsistent with medical opinions of the state agency medical consultants which suggests his symptoms are not as severe as alleged.

Given that these opinions are premised upon a review of the objective medical evidence, the Court finds that this reason is merely a reformulation of the second reason–inconsistency with objective medical evidence. The analysis is the same. *See supra* p. 5–6.

## B. The ALJ properly considered the medical opinions.

Generally, opinions of treating sources are entitled to the greatest weight; opinions of examining, non-treating sources are entitled to lesser weight; and opinions of non-examining, non-treating sources are entitled to the least weight.[2] *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). In assigning weight, the ALJ may consider whether the source examined the claimant; the length, frequency, nature, and extent of the treatment relationship (if any); the degree of support the opinion has, particularly from objective medical evidence; the consistency of the opinion with the record as a whole; the source's specialization; and "other factors." 20 C.F.R. §§ 416.927(c)(1)–(6); *Trevizo*, 871 F.3d at 675. An ALJ may reject any opinion that is "conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014); *see* 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion.").

If the ALJ rejects (or gives lesser weight to) a controverted opinion of a treating or examining source, the ALJ must provide "specific and legitimate" reasons supported by substantial evidence. *Garrison*, 759 F.3d at 1012. An ALJ satisfies the "substantial

---

[2] A treating source's opinion is given "controlling weight" when it is "well-supported" by objective medical evidence and is "not inconsistent with other substantial evidence" in the record. 20 C.F.R. § 416.927(c)(2). This is not the case here.

evidence" requirement by providing a "detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Id.* "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also* 20 C.F.R. § 416.927(c)(3) (stating that the weight given to a non-examining source depends on the degree to which the source provides supporting explanations for the opinion).

### 1. The ALJ properly rejected opinions of Plaintiff's treating cardiologist.

Plaintiff alleges the ALJ erred by failing to provide legally sufficient reasons for giving only "little" weight to opinions of his treating cardiologist, Dr. John Michael Morgan, M.D. (Pl. Br. at 12–14, R. at 26, 1504–08.)

The ALJ gave "little" weight to Dr. Morgan's opinions that Plaintiff could never lift 20 pounds, crouch, squat, or climb stairs.[3] (R. at 26, 1506.) The ALJ reasoned that Dr. Morgan did not "evidence consideration of the claimant's whole medical evidence of record in formulating these conclusions." (*Id.*) Specifically, the ALJ found his conclusions were "not consistent with the objective medical evidence of record, including notations of the claimant ambulating normally [citing R. at 432, 761, 1011, 1104, 1132, 1512, 2263, 2343, 2411], and revealing substantially normal whole-body strength [citing R. at 432, 761, 799, 847, 1104–05, 1111, 1119, 1132, 1252]." (*Id.*, *see also* R. at 23.) Moreover, the ALJ found the opinions contained "little narrative explanation connecting his opinions with the claimant's objective documentation of record." (*Id.*)

The Court finds these reasons are specific and legitimate. Substantial evidence supports the ALJ's finding that Dr. Morgan's limitations are inconsistent with objective medical evidence in the record. The above evidence referenced by the ALJ consists of treatment notes from various providers from July 9, 2014 to August 28, 2017 in which

---

[3] Although the ALJ gave Dr. Morgan's opinion "little" weight, the ALJ did not completely ignore it. The ALJ restricted Plaintiff to "light" work, which involves lifting "no more than 20 pounds at a time." 20 C.F.R. § 416.967(b). Moreover, the ALJ limited Plaintiff to "occasional" postural activities, but "never" climbing ladders, ropes, or scaffolds.

providers frequently noted a "normal," "non-antalgic," "conventional," or "stable" gait, as well as "normal," "full," or "5/5" strength in the extremities. (R. at 26, *see also* R. at 23.) Dr. Morgan's notes, ironically, indicate the same, and even note that Plaintiff is "able to exercise."[4] (R. at 1011, 1512.) Thus, the ALJ did not err in affording lesser weight to Dr. Morgan's opinion on the basis that it was not consistent with the record as a whole. *See* 20 C.F.R. § 416.927(c)(4); *Burrell*, 775 F.3d at 1140.

Moreover, as a check-box form, the opinion indeed contains little explanation for the limitations and therefore the ALJ did not err in according it lesser weight on this basis. *See* 20 C.F.R. § 416.927(c)(3). While a medical opinion may not be disregarded simply because it is a check-box form, it may be disregarded if it is unsupported by objective medical evidence or by the record as a whole. *Burrell*, 775 F.3d at 1140. The error lies where an ALJ fails to consider the opining physician's treatment notes which may provide support or explanation for the otherwise conclusory opinions. *See id.* Here, records from Dr. Morgan likewise do not contain any explanation for the opined-to limitations. (R. at 999–1075, 1504–13.) Although the records contain diagnoses, clinical findings and impressions, and programs for Plaintiff's pacemaker, at no point do they shed any light on how the documented conditions translate to specific functional deficiencies. While Dr. Morgan's records establish Plaintiff's extensive cardiological history, they do not provide support for the limitations in Dr. Morgan's assessment. Thus, the ALJ did not err in rejecting Dr. Morgan's opinions for lack of detailed explanation or support. *See* 20 C.F.R. § 416.927(c)(3); *Burrell*, 775 F.3d at 1140; *Molina*, 674 F.3d at 1111 (stating that an ALJ may reject check-box assessments that lack explanation of the bases of their conclusions).

### 2. The ALJ did not err in giving "great" weight to non-examining, non-treating state agency physicians.

Relatedly, Plaintiff alleges the ALJ erred by giving "great" weight to the state agency reviewing physicians who "were not specialists based on findings of normal balance and coordination." (Pl. Br. at 14.)

---

[4] Another treating provider had recommended low to moderate intensity exercise, stating, "[T]here is never a reason why you should not walk!!" (R. at 1489.)

The ALJ gave "great" weight to the state agency medical consultants who reviewed Plaintiff's medical evidence. (R. at 25.) In doing so, the ALJ found that they "evidenced a thorough knowledge of the claimant's longitudinal medical evidence of record, and translated that information using Social Security's terms and standards." (*Id.*) Moreover, the ALJ found these sources "explained their conclusions, allowing the undersigned to consider the validity of [their opinions], which were also "temporally relevant to the period in issue." (*Id.*) Lastly, the ALJ found their opinions "generally accord with the objective medical evidence of record, especially records of the claimant revealing intact balance [citing various records], and undiminished coordination [citing various records]."

The Court finds no error. Based on their consistency with the objective medical evidence, as found by the ALJ, these opinions constitute substantial evidence on which the ALJ could properly base her decision. *See Thomas*, 278 F.3d 957. Moreover, the ALJ did not err in affording the opinions "great" weight based on their support from objective medical evidence, their explanations for the limitations, and the fact that the other medical opinions were properly given lesser weight. *See* 20 C.F.R. §§ 416.927(c)(3), 416.927(c)(6) (stating that the ALJ may consider "the amount of understanding of our disability programs" a medical source has).

**C. The Court does not review allegations of noncompliance with HALLEX and Plaintiff's due process rights were not violated.**

At the hearing, Plaintiff moved to reopen his prior application.[5] (R. at 40.) In the decision, the ALJ denied the motion, finding "no reason" to reopen the prior application. (R. at 16.) Plaintiff alleges the ALJ erred by failing to include "supporting rationale" for the decision to not reopen the prior application in violation of HALLEX I-2-9-10(A). (Pl. Br. at 12.) Plaintiff further alleges this failure violated his due process rights, citing *Dexter v. Colvin*, 731 F.3d 977, 981 (9th Cir. 2013). (Reply at 1–2.)

The Court rejects both arguments and finds no error. First and foremost, "HALLEX does not have the force and effect of law[; therefore,] it is not binding on the Commissioner

---

[5] The prior application was filed on July 31, 2014 and alleged disability as of June 26, 2014. (R. at 78.) According to Plaintiff, this is when he had a heart attack. (R. at 40.)

1 and [the Court] will not review allegations of noncompliance with the manual." *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000). Thus, whether the ALJ complied with HALLEX I-2-9-10(A) or any other provision in HALLEX is irrelevant, and the Court need not engage in any further analysis of any alleged noncompliance with HALLEX.[6]

Second, the Court finds no due process violation. In *Dexter*, the Court of Appeals held that the ALJ's complete failure to address two of the claimant's "facially legitimate" reasons for filing an untimely request for a hearing violated the claimant's due process rights. 731 F.3d at 980–92. Here, the ALJ did not fail to address the motion, nor did the ALJ fail to address any proffered reasons because Plaintiff proffered none. Rather, the ALJ attempted to develop the record as it concerned the prior application.[7] (R. at 40.) Plaintiff apparently acquiesced and made no additional motions or articulated any reason for why the prior application should be reopened.[8] (*Id.*) Thus, the Court does not find any violation of Plaintiff's due process rights.

## IV. REMEDY

The credit-as-true rule requires a court to remand for calculation and award of benefits rather than a remand for further proceedings when: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. However, "even [if] all conditions of the credit-as-true rule are satisfied," a court may remand for further proceedings if "an evaluation of the record

---

[6] Plaintiff also alleged a violation of HALLEX I-2-9-30. (Reply at 2.)

[7] In response to the motion, the ALJ stated, "Let me see if we're able to have any sense as to what the prior application was asserting in terms of impairments?" (R. at 40.)

[8] In response to the ALJ, Plaintiff's attorney stated, "Well, Your Honor, the claimant had a heart attack in June of 2014, so that's the onset date of disability, and it's the onset of disability in the previous application. And I believe most of the medical records are in the file going back to that date. So, I would think the only thing we're actually missing is going to be DDS's take on the case." (R. at 40.)

as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

Here, the ALJ improperly rejected Plaintiff's testimony, which, taken as true, would establish disability. Moreover, the record is fully developed and there are no outstanding issues to be resolved. Thus, all conditions of the credit-as-true rule are satisfied. Having evaluated the record as a whole, however, the Court finds there is "serious doubt" that Plaintiff is actually disabled. Specifically, records from Plaintiff's primary care providers at High Country Family Care raises questions as to Plaintiff's motives for seeking benefits. An employee noted in Plaintiff's chart that Plaintiff "is trying to get disability since he[']s a caretaker for his mom." (R. at 1479.) Tara Gann, FNP, Plaintiff's primary care provider, replied, "If he is disabled then how is he going to be caretaker for his mother?" [9] (*Id.*) Moreover, in his medical opinion, Dr. Morgan was unable to definitively state that Plaintiff was not a malingerer. (R. at 1504.) Instead, he stated he did not know and deferred to "others." (*Id.*)

**IT IS THEREFORE ORDERED reversing** the decision of the Commissioner of Social Security and **remanding** for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 3rd day of February, 2020.

Honorable Steven P. Logan
United States District Judge

---

[9] Ms. Gann also rendered a medical opinion. (R. at 1514–18.) Ms. Gann's limitations were less restrictive than Dr. Morgan's. She opined Plaintiff could "frequently" lift up to 10 pounds, "occasionally" lift 10 pounds, and "rarely" lift up to 50 pounds. (R. at 1516.) Moreover, she opined that he could "occasionally" twist and stoop, "rarely" crouch, squat, and climb stairs, and "never" climb ladders." (*Id.*) However, the ALJ gave her opinion "little" weight, which Plaintiff does not dispute. (R. at 26.)