**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Dragoo,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-01988-PHX-SPL<br><br>**AMENDED ORDER PURSUANT TO FED. R. CIV. P. 59(e)** |

At issue is the Commissioner of Social Security ("Commissioner")'s denial of Plaintiff's application for Title XVI Supplemental Security Income under the Social Security Act ("Act"). Plaintiff filed a Complaint seeking judicial review of the decision. (Doc. 1.) The Court has considered Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), the Commissioner's Response (Doc. 15, "Def. Br."), Plaintiff's Reply (Doc. 16, "Reply"), and the Administrative Record (Doc. 11, "R."). For the following reasons, the Commissioner's decision is affirmed.

**I.    BACKGROUND**

Plaintiff filed his application on May 30, 2015, alleging disability as of June 26, 2014. (R. at 16.) The Commissioner denied the application initially and upon reconsideration. (*Id.*) A hearing was held before an administrative law judge ("ALJ") who issued a decision finding Plaintiff not "disabled." (*Id.* at 16–28.) The Appeals Council upheld the decision and it became final. (*Id.* at 1–4.)

Therein, the ALJ found Plaintiff had "severe" impairments of: "multilevel lumbar

spondylosis; chronic multilevel cervical spondylosis with left c5-6 foraminal stenosis, without correlating left C6 radiculopathy; arthropathy; bilateral meralgia paresthetica; ischemic and coronary artery disease; cardiomyopathy; paroxysmal ventricular tachycardia; stent in right coronary artery; chronic pain syndrome; tinnitus; and migraine headaches." (*Id.* at 18.) The ALJ further found: "[T]he claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 416.967(b) except that: the claimant can occasionally complete postural activities, but cannot ever climb ladders, ropes, or scaffolds. The claimant further cannot work around hazards." (*Id.* at 21.) Based on this RFC assessment and testimony from a vocational expert ("VE"), the ALJ found Plaintiff could perform past work as an audiovisual technician repairer and was therefore not "disabled." (*Id.* at 26, 72–73.)

## II. LEGAL STANDARD

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), which provide that a reviewing court may affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. In reviewing the decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the decision only when it is not supported by "substantial evidence" or is based on legal error. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Trevizo*, 871 F.3d at 674–75. However, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply

by isolating a specific quantum of supporting evidence." *Id.* at 675. The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [the ALJ] did not rely." *Id.* The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

To determine whether a claimant is "disabled" under the Act, the ALJ employs a five-step sequential evaluation. In brief, the ALJ must determine whether the claimant: (1) is "doing substantial gainful activity"; (2) has a "severe" medically determinable impairment or combination of impairments that has lasted more than 12 months; (3) has an impairment that "meets or equals" an impairment listed in appendix 1 of subpart P of 20 C.F.R. § 404; (4) can perform "past relevant work" based on his or her RFC; and (5) "can make an adjustment to other work" based on his or her RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four until it shifts to the ALJ at step five. *Molina*, 674 F.3d at 1110.

### III. ANALYSIS

#### A. The Court Does Not Review Allegations Of Noncompliance With HALLEX[1] And Finds No Due Process Violation.

Plaintiff alleges the ALJ erred by failing to provide "supporting rationale" for her denial of Plaintiff's motion to reopen his application at the hearing. (Pl. Br. at 12 (citing R. at 16).) Plaintiff alleges this failure violated various provisions of HALLEX as well as his due process rights. (Pl. Br. at 12; Reply at 1–2.) The Court rejects both arguments.

First, "HALLEX does not have the force and effect of law[; therefore,] it is not binding on the Commissioner and [the Court] will not review allegations of noncompliance with the manual." *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000). Second, the Court

---

[1] HALLEX refers to the Social Security Administration's Hearings, Appeals, and Litigation Manual. (Def. Br. at 12.)

finds no due process violation. In support of his allegation to the contrary, Plaintiff cites *Dexter v. Colvin*, 731 F.3d 977, 981 (9th Cir. 2013). (Reply at 1–2.) In *Dexter*, the Court of Appeals found a due process violation where an ALJ had completely failed to address a claimant's facially legitimate reasons for filing an untimely request for a hearing. 731 F.3d at 980–82. The ALJ here, however, committed no similar error. The ALJ responded to the motion and Plaintiff's attorney acquiesced in her denial to reopen the application:

| | | |
|---|---|---|
| ALJ: | | Do you waive reading of the issues? |
| ATTY: | | Yes. However, the claimant would like to reopen his previous claim. |
| ALJ: | | And when was the previous claim filed? |
| ATTY: | | The previous claim was filed 7/31/14, with the initial determination of November 5, 2014. The second application was May 15, 2015. |
| ALJ: | | Okay. Well, we don't have the, do we have the prior application in the file? Sometimes it's nice to send in notice that you want to open up a prior filing so we can at least have it exhibited, and the case file prepared as much as possible before you come. |
| ATTY: | | I apologize, Your Honor. |
| ALJ: | | [ . . . ] Let me see if we're able to have any sense as to what the prior application was asserting in terms of impairments? |
| ATTY: | | Well, Your Honor, the claimant had a heart attack in June of 2014, so that's the onset date of disability, and it's the onset of disability in the previous application. And I believe most of the medical records are in the file going back to that date. So, I would think the only thing we're actually missing is going to be DDS's take on the case. |

| | |
|---|---|
| 1 | ALJ: Okay. Do you have an opening statement? |

2

3 (R. at 40–41.) Following this dialogue, there was no other mention of reopening the prior
4 application. Despite Plaintiff having a full and fair opportunity to raise any additional
5 objections, he did not. Thus, the Court finds no violation of Plaintiff's due process rights.

6               **B.    The ALJ Did Not Err In Her Evaluation Of The Medical Opinions.**

7         Generally, opinions of treating sources are entitled to the greatest weight; opinions
8 of examining, non-treating sources are entitled to lesser weight; and opinions of non-
9 examining, non-treating sources are entitled to the least weight.[2] *Garrison v. Colvin*, 759
10 F.3d 995, 1012 (9th Cir. 2014). In assigning weight, the ALJ may consider whether the
11 source examined the claimant; the length, frequency, nature, and extent of any treatment
12 relationship; the degree of support the opinion has, particularly from objective medical
13 evidence; the consistency of the opinion with the record as a whole; the source's
14 specialization; and "other factors." 20 C.F.R. §§ 416.927(c)(1)–(6); *Trevizo*, 871 F.3d at
15 675. An ALJ may reject any opinion that is "conclusory, brief, and unsupported by the
16 record as a whole or by objective medical findings." *Burrell v. Colvin*, 775 F.3d 1133, 1140
17 (9th Cir. 2014); *see* 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents
18 relevant evidence to support a medical opinion, particularly medical signs and laboratory
19 findings, the more weight we will give that medical opinion. The better an explanation a
20 source provides for a medical opinion, the more weight we will give that medical
21 opinion.").

22         If the ALJ rejects (or gives lesser weight to) a controverted opinion of a treating or
23 examining source, the ALJ must provide "specific and legitimate" reasons supported by
24 substantial evidence. *Garrison*, 759 F.3d at 1012. An ALJ satisfies the "substantial
25 evidence" requirement by providing a "detailed and thorough summary of the facts and
26 conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Id.*

---

[2] A treating source's opinion is given "controlling weight" when it is "well-supported" by objective medical evidence and is "not inconsistent with other substantial evidence" in the record. 20 C.F.R. § 416.927(c)(2). This is not the case here.

"The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also* 20 C.F.R. § 416.927(c)(3) (stating that the weight given to a non-examining source depends on the degree to which the source provides supporting explanations for the opinion).

### 1. The ALJ gave specific and legitimate reasons for rejecting the treating cardiologist's opinion.

Plaintiff alleges the ALJ erred by failing to provide legally sufficient reasons for giving only "little" weight to opinions of his treating cardiologist, Dr. John Michael Morgan, M.D. (Pl. Br. at 12–14; R. at 26, 1504–08 [opinion].)

The ALJ gave "little" weight to Dr. Morgan's opinions that Plaintiff could never lift 20 pounds, crouch, squat, or climb stairs.[3] (R. at 26.) The ALJ reasoned that Dr. Morgan did not "evidence consideration of the claimant's whole medical evidence of record in formulating these conclusions." (*Id.*) Specifically, the ALJ found his conclusions were "not consistent with the objective medical evidence of record, including notations of the claimant ambulating normally [citing *id.* at 432, 761, 1011, 1104, 1132, 1512, 2263, 2343, 2411], and revealing substantially normal whole-body strength [citing *id.* at 432, 761, 799, 847, 1104–05, 1111, 1119, 1132, 1252]." (*Id.* at 26; *see also id.* at 23.) Moreover, the ALJ found the opinions contained "little narrative explanation connecting his opinions with the claimant's objective documentation of record." (*Id.* at 26.)

The Court finds these reasons are specific and legitimate. Substantial evidence supports the ALJ's finding that Dr. Morgan's limitations are inconsistent with objective medical evidence in the record. The above evidence referenced by the ALJ consists of treatment notes from various providers from July 9, 2014 to August 28, 2017 in which providers frequently noted a "normal," "non-antalgic," "conventional," or "stable" gait, as

---

[3] Although the ALJ gave Dr. Morgan's opinion "little" weight, the ALJ did not completely ignore it. The ALJ restricted Plaintiff to "light" work, which involves lifting "no more than 20 pounds at a time." 20 C.F.R. § 416.967(b). Moreover, the ALJ limited Plaintiff to "occasional" postural activities, but "never" climbing ladders, ropes, or scaffolds.

- 6 -

well as "normal," "full," or "5/5" strength in the extremities. (*Id.* at 26, 23.) Dr. Morgan's notes, ironically, indicate the same, and even note that Plaintiff is "able to exercise."[4] (*Id.* at 1011, 1512.) Thus, the ALJ did not err in affording lesser weight to Dr. Morgan's opinion on the basis that it was not consistent with the record as a whole. *See* 20 C.F.R. § 416.927(c)(4); *Burrell*, 775 F.3d at 1140.

Moreover, as a check-box form, the opinion indeed contains little explanation for the limitations and therefore the ALJ did not err in according it lesser weight on this basis. *See* 20 C.F.R. § 416.927(c)(3). While a medical opinion may not be disregarded simply because it is a check-box form, it may be disregarded if it is unsupported by objective medical evidence or by the record as a whole. *Burrell*, 775 F.3d at 1140. The error lies where an ALJ fails to consider the opining physician's treatment notes which may provide support or explanation for the otherwise conclusory opinions. *See id.* Here, records from Dr. Morgan likewise do not contain any explanation for the opined-to limitations. (*Id.* at 999–1075, 1504–13.) Although the records contain diagnoses, clinical findings and impressions, and programs for Plaintiff's pacemaker, at no point do they shed any light on how the documented conditions translate to specific functional deficiencies. While Dr. Morgan's records establish Plaintiff's extensive cardiological history, they do not provide support for the limitations in Dr. Morgan's assessment. Thus, the ALJ did not err in rejecting Dr. Morgan's opinions for lack of detailed explanation or support. *See* 20 C.F.R. § 416.927(c)(3); *Burrell*, 775 F.3d at 1140; *Molina*, 674 F.3d at 1111 (stating that an ALJ may reject check-box assessments that lack explanation of the bases of their conclusions).

### 2. The ALJ did not err in giving "great" weight to the State agency medical consultants' opinions.

Relatedly, Plaintiff alleges the ALJ erred by giving "great" weight to the State agency reviewing physicians who "were not specialists based on findings of normal balance and coordination." (Pl. Br. at 14.)

---

[4] Another treating provider had recommended low to moderate intensity exercise, stating, "[T]here is never a reason why you should not walk!!" (R. at 1489.)

The ALJ gave "great" weight to the State agency medical consultants who reviewed Plaintiff's medical evidence. (R. at 25.) In doing so, the ALJ found that they "evidenced a thorough knowledge of the claimant's longitudinal medical evidence of record, and translated that information using Social Security's terms and standards." (*Id.*) Moreover, the ALJ found these sources "explained their conclusions, allowing the undersigned to consider the validity of [their opinions], which were also "temporally relevant to the period in issue." (*Id.*) Lastly, the ALJ found their opinions "generally accord with the objective medical evidence of record, especially records of the claimant revealing intact balance [citing various records], and undiminished coordination [citing various records]."

The Court finds no error. Based on their consistency with the objective medical evidence, as found by the ALJ, these opinions constitute substantial evidence on which the ALJ could properly base her decision. *See Thomas*, 278 F.3d 957. Moreover, the ALJ did not err in affording the opinions "great" weight based on their support from objective medical evidence, their explanations for the limitations, and the fact that the other medical opinions were properly given lesser weight. *See* 20 C.F.R. §§ 416.927(c)(3), 416.927(c)(6) (stating that the ALJ may consider "the amount of understanding of our disability programs" a medical source has).

### C. The ALJ Committed No Harmful Error In Rejecting Plaintiff's Subjective Statements.

Plaintiff alleges that the ALJ erred by failing to provide clear and convincing reasons for rejecting his subjective statements. (Pl. Br. at 15.) In particular, Plaintiff disputes the ALJ's analysis and findings regarding certain objective medical evidence and his daily activities. (*Id.* at 15–17.)

Absent evidence of malingering, an ALJ may only discount a claimant's subjective statements for reasons that are "specific, clear and convincing." *Molina*, 674 F.3d at 1112. General findings are not sufficient. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Rather, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Id.* "Although the

ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler*, 775 F.3d at 1099. An ALJ may discount a claimant's subjective statements when he "engages in daily activities inconsistent with the alleged symptoms" or "reports participation in everyday activities indicating capacities that are transferable to a work setting." *Molina*, 674 F.3d at 1112–13. "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Id.* at 1113. However, "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *see also Cooper v. Bowen*, 815 F.2d 561, 557 (9th Cir. 1987) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.") (internal quotations and citation omitted). "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his [or her] credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

### 1. Objective medical evidence did not support Plaintiff's allegations, which suggests his symptoms were not as severe as alleged.

In discussing the objective medical evidence, the ALJ cites and notes that multiple treatment notes indicate that Plaintiff ambulated normally, had normal balance, normal strength, undiminished coordination, unimpaired range of motion, unimpaired reflexes and sensation, and normal hearing. (R. at 23–24.) With regards to Plaintiff's cardiological health, the ALJ found that his ejection fraction "has not been gravely outside normal limits," noting that providers found his ejection fraction was at 40-45% in July 2015 and up to 45-50% in August 2017. (*Id.* at 24.) Moreover, the ALJ noted that Plaintiff had normal heart rate and no significant aortic valve stenosis. (*Id.*) Thus, the objective evidence does not support debilitating symptoms.

///

### 2. Plaintiff's daily activities did not suggest that his symptoms were not as severe as alleged.

The ALJ found that Plaintiff's "reported functionality" was "inconsistent with a finding of disability." (*Id.* at 24.) In discussing Plaintiff's daily activities, the ALJ stated:

> The claimant alleges that congestive heart failure prohibits him from working. He relates, however, that he experiences no difficulty dressing, bathing, caring for his hair, shaving, or eating. He admits further that he remains able to prepare at least simple meals, and that his conditions have not diminished his ability to prepare food. The claimant further indicates that he remains able and willing to operate a motor vehicle, a task implicating considerable physical functioning. Similarly, he admits that he retains the physical capacities required to shop in stores for clothes and groceries once a week in intervals up to thirty minutes. Such substantial capacities are inconsistent with the claimant's allegations that he cannot work.

(*Id.* at 24–25.) The Court does not find that Plaintiff's engagement in activities identified by the ALJ to be a clear and convincing reason to discount his subjective statements.

First, the ALJ fails to explain how "dressing, bathing, caring for his hair, shaving, [and] eating" are transferable to the work setting. Moreover, while the ALJ noted that driving "implicates considerable physical functioning," the Court is skeptical as to whether Plaintiff's ability to drive would meet the standards of a work setting where he is required to drive as there was no record development on this issue. Moreover, it is not clear how one's ability to grocery shop is transferable to a work setting. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("Many home activities are not easily transferable to . . . the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

Second, the ALJ fails to show how such activities are "inconsistent" with his alleged symptoms. In particular, the Court is not convinced that the particular activities identified by the ALJ undermine the particular testimony identified by the ALJ.[5] *See Holohan*, 246

---

[5] The Commissioner cites additional activities and testimony not discussed by the ALJ. (Def. Br. at 21.) However, "[l]ong-standing principles of administrative law require [the

F.3d at 1208 ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."). The only testimony "specifically identified" by the ALJ is that Plaintiff alleged that he could not work due to congestive heart failure. (*Id.* at 24.) The evidence identified by the ALJ that purportedly "undermines" this particular allegation is that Plaintiff retained the ability to maintain personal care, prepare simple meals, drive a car, and shop in stores for 30 minutes. The ALJ provides no adequate explanation for how these particular activities undermine his allegations of disability due to congestive heart failure. Thus, the ALJ's reliance on Plaintiff's daily activities was not a clear and convincing reason to discount his subjective statements.

### 3. Plaintiff does not dispute the ALJ's reliance on inconsistencies between his subjective statements and opinions of the State agency medical consultants.

The ALJ also found Plaintiff's allegations were further diminished due to their "inconsistency with the most reliable opinions of record," the State agency medical consultants' opinions. (*Id.* at 25.) Plaintiff did not dispute the ALJ's reliance on this reason in his opening brief and thus the Court presumes it was valid. *See Lewis*, 236 F.3d at 517 n.13; *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").

The effect, therefore, is that Plaintiff's testimony was properly rejected. While a lack of objective medical evidence is insufficient on its own to sustain rejection of a claimant's testimony, here, the ALJ relied on inconsistency with medical opinions as well, which Plaintiff did not dispute. Even though the Court finds the ALJ erroneously discounted Plaintiff's subjective statements on the basis of his daily activities, the error is

---

Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). Thus, the Court limits its analysis to the testimony and evidence discussed by the ALJ.

harmless because other valid reasons support the rejection. *Bray*, 554 F.3d at 1227 (finding ALJ's reliance on an invalid reason to discredit claimant was "harmless error" where ALJ had also relied on other reasons that were valid).

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 7th day of April, 2020.

Honorable Steven P. Logan
United States District Judge